UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**Central New York Laborers' Health and Welfare,
Pension, Annuity and Training Funds,**
*by Janet M. Moro, as Fund Administrator*;
**Construction and General Laborers' Local Union
No. 633,** *by Gabriel Rosetti, as Business Manager,*

           **Plaintiffs,**         5:08-CV-0551
                                       (NAM/GHL)

    vs.

**Maxim Construction Service Corp.; Barbara Slate**
*Individually and as an Officer of Maxim Construction
Service Corp.;* **James Malvasi,** *Individually and as an
Officer of Maxim Construction Service Corp.,*

           **Defendants.**
_____

**APPEARANCES**                             **OF COUNSEL:**

**Blitman & King LLP**               **Jennifer A. Clark, Esq.**
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204
Attorney for Plaintiffs

**Norman A. Mordue, Chief U.S. District Judge**

## MEMORANDUM DECISION AND ORDER

### INTRODUCTION

    Plaintiffs Central New York Laborers' Health and Welfare Pension, Aunnuity and Training Funds and Construction and General Laborers' Local Union No. 633 bring this action alleging that defendants Maxim Construction Service Corp., Barbara Slate, and James Malvasi, violated the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., and the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185 (a) *et seq*., by failing to timely remit fringe benefit contributions and deductions.

    Defendants have not answered the complaint or otherwise appeared. Plaintiffs obtained a

Clerk's Entry of Default on September 30, 2008 (Dkt. No. 8). Plaintiffs now move (Dkt. No. 12) for default judgment on the first, third, fourth, and fifth causes of action. Fed. R. Civ. P. 54(b) and 55(b)(2). Plaintiffs also request that the Court enter an order on their second and sixth causes of action, compelling an audit and retaining jurisdiction to enter judgment for any additional fringe benefit contributions uncovered by the audit.

## DISCUSSION

Although plaintiffs only seek judgment on four of the six causes of action, Rule 54(b) provides, in pertinent part, that "[w]hen more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties . . . upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." *See Advanced Magnetics v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997). There is "no just reason for delay" "where a plaintiff might be prejudiced by a delay in recovering a monetary award." *Id.* (citing *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 11-12 (1980). In this case, plaintiffs have shown that there is "no just reason for delay," since the corpus and income of plaintiffs' funds have been reduced.

Plaintiffs have established that defendant Maxim Construction Service Corp., as the business which signed the collective bargaining agreement, is liable for delinquent contributions and deductions, interest, and liquidated damages, and that Barbara Slate and James Malvasi, as officers of Maxim Construction Service Corp., and fiduciaries of plan assets, including unpaid contributions, are individually liable for failing to deliver contributions of the plaintiff employee benefit plans. With respect to the amount of damages, plaintiffs rely on the complaint, documentary evidence, and affidavits of Janet M. Moro, Gabriel M. Rosetti, Jr., Linda L. DeMacy, and Jennifer A. Clark, Esq. In view of the affidavits and documentary evidence

submitted by plaintiffs, a hearing to ascertain the damages in this case is unnecessary.  Plaintiffs have demonstrated their entitlement to damages in the sum of $6,209.34 in liquidated damages.[1]

Plaintiffs have also established that they are entitled to an order compelling defendants to produce their books and records for an audit, and pay the cost and expense of such audit as well as all attorneys' and paralegals' fees and costs plaintiffs incur in obtaining that audit.  Where a Fund's trust documents, to which an employer has bound itself, specifically provide that the Fund can examine any of the employer's records, an employer must comply with such agreed upon obligations.  *Central States, Southeast & Southwest Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985).  Furthermore, "Fund Trustees have a fundamental duty to locate and take control of Fund property - a duty for which the right to audit is crucial."  *Jaspen v. Glover Gas Corp.*, 80 F.3d 38, 41 (2d Cir. 1996).  Such a right is "essential to the management of the Funds."  *Id.*  Here, the terms of the Trusts and Collections Policy to which defendants are bound require defendants to submit to an audit of their employment, payroll, and related records.

Plaintiffs are statutorily entitled to recover reasonable attorneys' fees and costs associated with their efforts to collect the delinquent contributions and deductions.  29 U.S.C. § 1132(g)(2)(D).  Plaintiffs request $1,035.50 in attorneys' fees and $204.24 in costs through October 31, 2008.  Plaintiffs submit detailed time records which the Court has reviewed and finds reasonable.  They demonstrate that 2.50 attorney hours and 3.50 paralegal hours were spent on this matter.

Plaintiffs request reimbursement of attorney hours at $235 per hour and paralegal hours at $128 per hour.  With respect to hourly fees, the Second Circuit has recently held that courts are to award the presumptively reasonable fee, that is, the fee that would be paid by a reasonable,

---

[1] According to the affidavit by Janet Moro, defendants untimely remitted $67,161.95. in deductions to plaintiff Union for work performed under the collective bargaining agreement between September 2007 and July 2008 in partial satisfaction of their obligation, "but have not paid the remaining liquidated damages, attorneys' fees and costs in connection with the untimely payment."  Moro Aff. ¶ 19.

3

paying client in the relevant community. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191-93 (2d Cir. 2008). The Court notes that plaintiffs' counsel Jennifer A. Clark, Esq. has extensive experience and expertise in this field of litigation. Due to the nature of the claims, a substantial amount of expertise, time, and labor is required to pursue the claims successfully, even though in some cases recoveries may be relatively small. Here, counsel has succeeded in obtaining judgment recovering liquidated damages as well as an order compelling defendants to produce their records for an audit. The importance of this case lies not only in recovering benefits for the affected employees, but also in conveying the message to employers and workers that the ERISA requirements will be enforced. The Court is aware of attorneys' fee awards in similar cases in this community; it has recently been determined that the prevailing rate in this community in a similar case by the same attorneys is $210 per hour for experienced attorneys, $150 per hour for associates with more than four years experience, and $80 per hour for paralegals. *See Engineers Joint Welfare, Pension, Supp. Unempl. Benefit & Training Funds v. Reape* ("*Reape*"), 2008 WL 2385908, *4 (N.D.N.Y. 2008). In light of these factors and the Court's own knowledge of the rates prevailing in the legal community, the Court finds that the rate in *Reape* is the reasonable fee in the case at bar. Plaintiffs have not submitted evidence warranting a different result.

Accordingly, the award of attorneys' fees and costs is $525.00 (2.50 x $210) for Attorney Clark's services, plus $280 (3.50 x $80) for paralegals' services, plus $204.24 in costs for a total of $1,009.24 in attorneys' fees and costs. Adding the $6,209.34 amount of liquidated damages stated above yields a total recovery of $7,218.58.

## CONCLUSION

It is therefore

ORDERED that plaintiffs' motion (Dkt. No. 12) is granted; and it is further

ORDERED that plaintiffs are awarded default judgment on the first, third, fourth, and fifth causes of action against defendants Maxim Construction Service Corp., Barbara Slate and James Malvasi for the sum of $7,218.58, representing $6,209.34 in liquidated damages plus $1,009.24 in attorneys' fees and costs; and it is further

ORDERED that defendants produce their books and records for plaintiffs' review and audit covering the period April 1, 2005 to date, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' fees and costs incurred in obtaining the audit; and it is further

ORDERED that the Court will retain jurisdiction over this action to enter judgment for any and all contributions and deductions that are determined to be due as a result of the audit, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' fees.

IT IS SO ORDERED.

Date:   July 21, 2009
        Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge